272 F.2d 14
 Martin J. RESNICK, Administrator ad Prosequendum and General
Administrator of the Estate of Benjamin A. Jacks, Deceased,
v.
DAVIDSON TRANSFER AND STORAGE COMPANY, Appellant in No.
12,931, and John M. HALL, Individually and Trading
as Hall's Express, Appellant in No. 12,932.
 Nos. 12931, 12932.
 United States Court of Appeals Third Circuit.
 Argued Nov. 5, 1959.
Decided Nov. 17, 1959.
 
 Lynn L. Detweiler, Philadelphia, Pa. (Swartz, Compbell & Henry, Philadelphia, Pa., on the brief), for appellant, Davidson Transfer & Storage Co. in Appeal No. 12931.
 Thomas Z. Minehart, Philadelphia, Pa. (Melvin Alan Bank, Bank & Minehart, Wilderman & Markowitz, E. Walter Helm, III, Philadelphia, Pa., on the brief), for appellant, Hall's Express in Appeal No. 12932.
 Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 In a diversity action under the New Jersey Death Act, N.J.S.A. 2A:31-5, plaintiff was awarded a jury verdict of $16,500 for pecuniary loss arising out of the death of his unmarried, 35 year old brother. $1500 of the verdict was given specifically '* * * in respect of (the brother's) services in making repairs to the house * * *.' There is no appeal as to this. The balance of $15,000 was given '* * * in respect of (the brother's) contributions of money * * *.' This was later reduced to $10,000 by the trial court.
 
 
 2
 Appellants urge that there is no evidence to support the $15,000 (now reduced to $10,000) verdict. The New Jersey Death Statute limits damages under it '* * * to the pecuniary injuries resulting from such death to the persons entitled to any intestate personal property of the decedent.'
 
 
 3
 The evidence is that the deceased contributed $15 a week for upkeep, gas and electric, of the house where he and plaintiff lived. Plaintiff testified that he has continued in the house and that his expenses have not decreased since his brother's death. Plaintiff owned and still owns the major interest in the house. His brother had a one-fifth share of it.
 
 
 4
 We think it clear that the jury was entitled to find from the evidence that plaintiff has been deprived of future income by the death of his brother. This disposes of the sole point raised on this appeal.
 
 
 5
 The judgment of the district court will be affirmed.